UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANNAMARY ENRIGHT STUCKEY     CIVIL ACTION

VERSUS

COMMISSIONER OF SOCIAL
SECURITY     NO. 21-00200-BAJ-EWD

### RULING AND ORDER

Before the Court is Plaintiff Annamary Enright Stuckey's Complaint seeking judicial review of the Social Security Administration's final decision denying her application for Disability Insurance Benefits. (Doc. 1). Plaintiff filed a memorandum in support of her appeal (Doc. 12). Defendant filed a memorandum in opposition (Doc. 14).

The Magistrate Judge issued a **Report and Recommendation (Doc. 17, the "R&R")**, recommending that the Court affirm the Commissioner's decision and dismiss Plaintiff's Complaint, with prejudice. Plaintiff timely objected to the R&R. (Doc. 18).

On de novo review, and having carefully considered Plaintiff's Complaint, the administrative record, Plaintiff's memorandum in support of her appeal, and related filings, the Court **APPROVES** the R&R and **ADOPTS** it as the Court's opinion in this matter, subject to the following:

Section 405(g) of the United States Code limits judicial review of the Commissioner's decision regarding Social Security benefits to two inquiries: (1)

whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *See Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). The Court cannot reweigh the evidence or substitute its judgment for the Commissioner's judgment, even in the event of evidentiary conflict or uncertainty. *See id.*

After conducting a thorough analysis, the R&R determines that substantial evidence supports the Commissioner's decision to deny Plaintiff's application for disability insurance benefits, and that the Commissioner's decision applied the proper legal standards. (Doc. 17, p. 1 and 26). Thus, Plaintiff's appeal must be dismissed. In her objection to the R&R, Plaintiff assigns four errors: (1) the Administrative Law Judge (ALJ) failed to make an express finding regarding the consistency of Plaintiff's treating physician's medical opinion with other evidence on the record; (2) the ALJ did not adequately develop the record; (3) the ALJ did not properly evaluate Plaintiff's mental impairments; and (4) the ALJ failed to properly analyze Plaintiff's subjective complaints (Doc. 18, p. 1, 3, 5, and 6). Among these, assignments 2, 3, and 4 are without merit because they concern the ALJ's weighing of the evidence, and (again) the Court does not reweigh the evidence. *See Garcia*, 880 F.3d at 704.

Plaintiff's first assignment of error—whether the ALJ properly applied the consistency factor—deserves closer attention, however, because it implicates whether the ALJ applied the correct legal standard, a reviewable issue under Section

405(g). *Id.*

For claims filed on or after March 27, 2017, an ALJ's decision must explain its evaluation of a medical opinion's persuasiveness. *See* 20 C.F.R. § 404.1520c. Although five factors inform this analysis, the ALJ's decision must only expressly address the supportability and consistency factors. *See* 20 C.F.R. § 404.1520c(b)(2). There is no controlling authority on how much articulation is required to satisfy § 404.1520c(b)(2). Other district courts to have considered the issue, however, have required a "discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding." *Pearson v. Comm'r of Soc. Sec.*, No. 20-cv-166, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021) (Myers, Jr., M.J.) (collecting cases), *report and recommendation adopted*, 2021 WL 3663073 (S.D. Miss. Aug. 18, 2021).

> Therefore, while the length of explanation need not be profound, the ALJ must do more than pay lip service to the regulation without *substantively* engaging with the supportability and consistency of medical opinions in any detail whatsoever. In other words, the ALJ cannot summarize the entire record and summarily conclude that, in light of that record, one medical opinion is persuasive and the other is not persuasive.

*Id.* (citations and footnotes omitted). Put simply, the ALJ must "provide a sufficient explanation of consistency and supportability to allow the court to undertake a meaningful review of whether [a decision's] reasoning was supported by substantial evidence." *Id.*

Here, Plaintiff is correct that the ALJ did not *explicitly* articulate a finding regarding the consistency of Plaintiff's treating physician's medical opinion compared to other evidence on the record. The ALJ did, however, provide an explanation that allows the Court to perform a meaningful review of the decision's reasoning. The

ALJ's decision summarizes and compares all the medical opinions and prior administrative medical findings in the record, including the opinion of Plaintiff's treating physician. (Doc. 9-1, p. 30). Significantly, Plaintiff's treating physician offered the *only* opinion finding that Plaintiff maintains significant exertional limitations. *See id.* It is implicit to the ALJ's analysis that this opinion is inconsistent with the other medical evidence in the record. Further, the physical examination notes underlying the treating physician's opinion do not support a finding of significant exertional limitations, leading the ALJ to find the opinion unpersuasive. *See id.* In this light, there is a discernible "logic bridge" between the evidence and the ALJ's persuasiveness finding, which is all that is required under the Social Security Act. *Pearson*, 2021 WL 3708047, at *5. Put differently, the ALJ provided enough explanation for the Court to conduct a meaningful review and to conclude that the ALJ's persuasiveness finding was supported by substantial evidence. In sum, there is no legal error.

Accordingly,

**IT IS ORDERED** that the final decision of the Commissioner of the Social Security Administration is **AFFIRMED** in accordance with 42 U.S.C. § 405(g), and that this appeal is **DISMISSED WITH PREJUDICE.**

Judgement shall be entered separately.

Baton Rouge, Louisiana, this 28th day of September, 2022

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA